UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

David Earl Wattleton,                                  Case File No.: 11cv3430 (JNE/SER)

          Plaintiff,

v.                                                     **REPORT AND RECOMMENDATION**

A. Simcox, and
Dr. S. Stanton,

          Defendants.
_____

This matter is before the undersigned United States Magistrate Judge on the application of the above-named Plaintiff, David Earl Wattleton ("Wattleton"), for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Wattleton's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   BACKGROUND**

Wattleton is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is being detained pursuant to 18 U.S.C. § 4243, because he was found not guilty by reason of insanity at the conclusion of a 2000 federal criminal trial in the Northern District of Georgia. (Comp., [Doc. No. 1], Addendum, p. 1, citing *United States v. Wattleton*, 110 F. Supp. 2d 1380 (N.D.Ga. 2000), *aff'd*, 296 F. 3d 1184 (11th Cir.), *cert. denied*, 537 U.S. 924 (2002).)

Wattleton is attempting to sue two employees at FMC-Rochester – S. Stanton, M.D., who is identified as a "Mental Health Administrator," and A. Simcox, who is identified as the "Institutional Chief Psychologist." (Comp., Addendum, p. 1.) Wattleton seeks relief under

1

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), allowing individuals to sue federal officials who allegedly violate their constitutional rights.

Wattleton alleges Defendants appointed an unknown member of his family to serve as his "legal health care guardian to make treatment decisions without Wattleton's consent." (Complaint, Addendum, p. 1.) Further, Defendant Stanton allegedly contacted certain unidentified members of Wattleton's family "concerning psychological treatment and a conditional release program" without Wattleton's consent. (*Id*.) Defendant Simcox also purportedly "insinuated that Wattleton might die if he did not agree to treatment and a conditional release." (*Id*., p. 3.)

Wattleton's complaint alludes to "family integrity" and "due process," suggesting that he seeks relief for an alleged violation of his constitutional right to maintain family relationships. Wattleton is attempting to sue Defendants in their respective official capacities and requests an injunction barring Defendants from "consulting with Wattleton's immediate family members to make treatment decisions." (*Id*., p. 1.)[1]

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a pleading that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a cause of action on which relief may be granted, a claimant must allege a set of

---

[1] Although Defendants cannot be sued in their official capacities under *Bivens* per se, (*Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998)), the Court assumes (at least for now) that Wattleton can seek injunctive relief against the named Defendants in their official capacities to prevent ongoing violations of his federal constitutional rights. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("[f]ederal courts have long exercised the traditional powers of equity, in cases within their jurisdiction, to prevent violations of constitutional rights").

specific historical facts, that, if proven true, would entitle the claimant to redress against the defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The facts supporting a plaintiff's claims must be set forth clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Wattleton claims Defendants are violating his constitutional right in "maintaining family integrity and dignity of the family unit." He cites the due process clause as the source of this putative right.

Frequently, the Supreme Court has recognized that the Constitution affords certain protections to family relationships. *See, e.g.*, *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494, 503 (1977) ("the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition"). The Court has explained that "the relationship of love and duty in a recognized family unit is an interest in liberty entitled to constitutional protection." *Lehr v. Robertson*, 463 U.S. 248, 258 (1983). *See e.g.*, *Hodgson v. Minnesota*, 497 U.S. 417, 484 (1990) (Kennedy, J., concurring in part and dissenting in part) ("[w]e have held that parents have a liberty interest, protected by the Constitution, in having a reasonable opportunity to develop close relations with their children");

Here, however, Wattleton has failed to plead an actionable due process claim against either of the two named Defendants, because he has not presented any specific factual

3

allegations showing that Defendants are doing anything that affects the relationship between Wattleton and any member of his family adversely. Wattleton vaguely alleges that Defendants have been "consulting with Wattleton's immediate family members to make treatment decisions," and that Defendant Stanton has "been in contact with immediate family members concerning psychological treatment and a conditional release program." (Comp., Addendum, p. 1.) These brief ill-defined allegations alone are not sufficient to state an actionable due process claim against Defendants.

The Court notes, in particular, that Wattleton's complaint does not indicate how or when Defendants allegedly have contacted his family members, or how or when Defendants allegedly will contact them in the future. Nor does the complaint identify which members of Wattleton's family allegedly have been, or will be, contacted by Defendants. The complaint also fails to explain whether Defendants allegedly are providing information to Wattleton's family, or whether members of Wattleton's family allegedly are providing information to Defendants. Most importantly, there are no allegations showing that Defendants have done anything, or intend to do anything, to harm Wattleton's relationship with his family. In sum, Wattleton has not alleged any **facts** to support his conclusory claim that Defendants are violating his constitutional right to maintain his familial relationships.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Wattleton's current pleading does not meet this standard. The complaint is plainly inadequate, because it does not present a clear, comprehendible, and credible description of any specific actions by the named Defendants that allegedly are violating Wattleton's constitutional

right to maintain his relationship with family.[2] Thus, the Court finds that Wattletons' complaint fails to state any cause of action on which relief can be granted. Because Wattleton has failed to plead an actionable claim for relief, the Court will recommend that his pending IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed *in forma pauperis*, [Doc. No. 2], be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December 28, 2011
*s/Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 11, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

[2] It appears that Wattleton is primarily concerned about the disclosure of medical information between Defendants and his family, which suggests that his current lawsuit might be more properly grounded on the privacy interests that are protected by the Constitution, rather the "family integrity" interests identified in the complaint. However, even if Wattleton had cited the constitutional right to privacy, his current complaint still would not state any actionable claim for relief, because he has not alleged any specific facts showing that Defendants are violating his constitutionally protected privacy interests.